

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DODSON LUGENE BALLARD, *PRO SE*, | § | |
| TDCJ-CID No. 900820, | § | |
| Previous TDCJ-CID No. 396206, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CV-0304 |
| | § | |
| M. HOLLIGAN, Chief of Classification, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff DODSON LUGENE BALLARD, proceeding *pro se* and while a prisoner, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant.

On April 30, 2007, the Court issued an Order to Cure Deficiencies and Order to Show Cause giving plaintiff fourteen days in which to respond and show cause why he should not be sanctioned for violation of Rule 22, Federal Rules of Civil Procedure and to submit a properly completed Application to Proceed In Forma Pauperis and an I.F.P. Data Sheet. Plaintiff was instructed a failure to comply with the Order might result in the dismissal of the instant cause without further notice.

The response period has expired; and plaintiff's only subsequent pleading, his May 14, 2007 "Dodson Lugene Ballard Plaintiff Cure Deficiencies and To Show Cause" is not responsive to the April 30th Order. By this pleading, plaintiff states he has not submitted an application to proceed in forma pauperis and has no income, but only receives gifts from his mother.

It appears plaintiff refuses to submit the required Application to Proceed In Forma Pauperis and supporting I.F.P. Data Sheet showing the history of his inmate trust account for the previous six-month period. Further, plaintiff has utterly failed to advance any argument why he should not be sanctioned for violating Rule 11, Federal Rules of Civil Procedure, by repeatedly filing suits without paying the filing fee and refusing to submit the necessary filing fee or an I.F.P. Application with supporting financial disclosure to allow processing of his suit.

Plaintiff has not complied with the April 30, 2007 Order to Cure Deficiencies and Order to Show Cause. By the Order, plaintiff was informed that a failure to fully and timely comply with the Court's Order could result in dismissal of the instant cause without further notice.

The response period has expired, and plaintiff has failed to comply with the Court's April 30, 2007 Order or provide any reason to excuse this failure.

IT IS THEREFORE ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

IT IS SO ORDERED.

ENTERED this 15th day of August, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE